UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILBERT TIMMS,

    Plaintiff,

v.                                    Case No. 6:11-cv-1560-Orl-28 KRS

FLORIDA HIGHWAY PATROL and
MICHAEL R. MEANEY,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WILBERT TIMMS, by and through undersigned counsel, sues Defendants, FLORIDA HIGHWAY PATROL (FHP) and MICHAEL R. MEANEY ("MEANEY), and alleges:

### Jurisdiction and Venue

1.    This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and Florida Statutes § 768.28.

2.    Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343(3), and on the pendent jurisdiction of this Court to entertain claims under state law pursuant to 28 U.S.C. § 1367(a).

3.    Venue is proper in this Court because all of the wrongful acts complained of occurred within Orange County, Florida.

4.    All conditions precedent to the filing of this action have occurred, been performed or been waived, including notice to Defendants as required under Fla. Stat. § 768.28.

## Parties

5. Plaintiff is an individual residing in Orange County, Florida.

6. FHP is a duly organized law enforcement agency of the State of Florida.

7. MEANEY is sued in his individual capacity.

## Facts

8. At all times material hereto, MEANEY was a law enforcement officer employed by FHP, and was responsible to be knowledgeable concerning, and to conduct himself within the bounds of, the laws restricting his right to arrest citizens.

9. On July 12, 2009, at approximately 12:41 p.m., Plaintiff was the driver occupant of a motor vehicle traveling in Orange County, Florida.

10. At that time, MEANEY stopped and detained Plaintiff for traveling 61 miles per hour in a posted 45 mile per hour zone.

11. After stopping Plaintiff, MEANEY became aware that the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, had issued a writ of bodily attachment directing the arrest of Plaintiff for failure to pay child support.

12. When MEANEY questioned Plaintiff about the writ, Plaintiff produced receipt no. 152292 for payment of child support purge reflecting that the writ had been purged eleven (11) days earlier.

13. MEANEY took the purge receipt from Plaintiff, viewed it, and kept it in his possession.

14. Notwithstanding the foregoing, MEANEY then arrested Plaintiff, caused his vehicle to be towed, and transported him to the Orange County Jail for booking.

15. MEANEY submitted an affidavit of arrest on the writ to Orange County Jail personnel which omitted the facts of the existence and MEANEY's possession of the purge receipt.

16. At the Orange County Jail, Plaintiff persuaded jail personnel to inquire of MEANEY whether he had possession of a purge receipt.

17. After MEANEY admitted this and produced the receipt, Orange County Jail personnel verified the purge with the Clerk of Court's Office, advised MEANEY of this fact, and requested of MEANEY that he release Plaintiff.

18. After conferring with one or more of his superiors at FHP, MEANEY refused to release Plaintiff and insisted that he be booked in on the basis of his affidavit.

## COUNT I
## VIOLATION OF CIVIL RIGHTS - 42 U.S.C. §1983
## AGAINST MEANEY

19. Plaintiff re-alleges and incorporates paragraphs 1 through 18 above as though fully set forth herein.

20. At all times material hereto, and in all of his acts described herein, MEANEY acted under color of the statutes, customs, ordinances, and usage of the State of Florida and the Florida Highway Patrol.

21. The aforementioned arrest of Plaintiff was unlawful in that it was not supported by probable cause, warrant, or other lawful basis.

22. MEANEY's arrest of Plaintiff violated his clearly established and well-settled constitutional rights.

23. As a direct and proximate result of MEANEY's foregoing described conduct, Plaintiff suffered the following compensable injuries and damages:

  a.  Loss of liberty;

  b.  Emotional trauma and suffering;

  c.  Physical discomfort; and

  d.  Expense of towing and storage of his vehicle.

24. As a further direct and proximate result of MEANEY's foregoing described conduct, Plaintiff has been compelled to retain the services of counsel, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

25. Plaintiff's foregoing described injuries and damages were the reasonably foreseeable result of the constitutional violation described above.

**WHEREFORE** Plaintiff demands trial by jury and judgment against MEANEY for compensatory and punitive damages, costs, attorney's fees and such other relief as this Court deems just.

### COUNT II
### FALSE ARREST
### AGAINST FHP

26. Plaintiff re-alleges and incorporates paragraphs 1 through 18 above as though fully set forth herein.

27. During the conference described in paragraph 18 above, MEANEY informed one or more of his superiors at FHP of the foregoing facts and circumstances, and requested guidance as to how he should proceed.

28. One or more of MEANEY's superiors at FHP advised MEANEY that it was agency policy not to "unarrest" someone and instructed MEANEY not to release Plaintiff.

29. At all times material hereto, MEANEY acted within the scope of his employment with and in furtherance of the interests of FHP.

30. The aforementioned arrest of Plaintiff was unlawful in that it was not supported by probable cause, warrant, or other lawful basis.

31. As a direct and proximate result of FHP's foregoing described conduct, Plaintiff suffered the following compensable injuries and damages:

   a. Loss of liberty;

   b. Emotional trauma and suffering;

   c. Physical discomfort;

   d. Expense of towing and storage of his vehicle; and

   e. Legal fees and costs.

32. Plaintiff's foregoing described injuries and damages were the reasonably foreseeable result of FHP's conduct described above.

33. **WHEREFORE** Plaintiff demands trial by jury and judgment against FHP for compensatory damages, costs, and such other relief as this Court deems just.

Respectfully submitted,

SPENCER RHODES, ESQ.
Florida Bar No. 120030
126 East Jefferson Street
Orlando, Florida 32801-1830
Tel: 321-332-0407
Fax: 321-332-0409
spencer@rhodespa.com